IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action Number |
| | ) | 05-00149-01-CR-HFS |
| Travis Jackson, | ) | |
| | ) | |
| Defendant. | ) | |

## Report and Recommendation

Pending before the Court is *Defendant's Motion To Suppress Evidence With Suggestions*, filed June 24, 2005 (Doc. #39). On August 19, 2005, the undersigned held an evidentiary hearing on the defendant's motion. Defendant Jackson was present and was represented by his counsel, Carl Bussey. The government was represented by Assistant United States Attorney Bruce Rhoades. At the evidentiary hearing, the parties stipulated that the sole issue before the Court was the sufficiency of the showing of probable cause in the affidavit in support of the complaint. Accordingly, the parties further stipulated that the resolution of the instant motion should be based upon an examination of the information contained within the four corners of the affidavit.[1] On the basis of the parties' stipulation and the record before the Court, the undersigned submits the following:

---

[1] Defendant Jackson's motion to suppress contains an allegation that the execution of the search exceeded the scope of the warrant. In light of the stipulation of the parties at the evidentiary hearing, it is the Court's understanding that Defendant Jackson has since abandoned this claim thereby making it unnecessary for the Court to conduct fact finding as to the execution of the warrant.

## PROPOSED CONCLUSIONS OF LAW

As indicated by the stipulation of the parties, the sole issue before the Court is whether probable cause existed to support the issuance of the search warrant.[2] The search warrant was issued by the Circuit Court of Jackson County, Missouri for the residence at 3941 Norton Street, Kansas City, Missouri on April 1, 2005, after consideration of an affidavit executed by Detective Gary Gibson of the Kansas City, Missouri Police Department. As stipulated by the parties in this case, the resolution of the question of whether there was probable cause to issue a search warrant is properly confined to an assessment of the information within the four corners of the affidavit in support of the application for the search warrant. *United States v. Leichtling*, 684 F.2d 553, 555 (8th Cir. 1982)

In reviewing the issuance of a search warrant, the court should ensure that the judicial officer had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 214, 238-39 (1983) (*quoting Jones v. United States*, 362 U.S. 257, 271 (1960)). Probable cause to issue a search warrant exists when an affidavit sets forth sufficient facts to justify a prudent person in the belief that there is a fair probability that contraband or evidence of a crime will be found in a particular place. *United States v. Reivich*, 793 F.2d 957, 959 (1986); *Illinois v. Gates*, 462 U.S. at 238; *See also, Brinegar v. United States*, 338 U.S. 160, 175 (1949). Review of a motion to suppress should focus on whether the decision to issue the search warrant is supported by substantial evidence. *United States v. Reivich*, 793 F.2d at 959. In doing so, the reviewing court

---

[2]Actually, defendant Jackson specifically contends in his motion that the search warrant is not supported by probable cause "as to him." The search warrant at issue in this case was directed to, and authorized the search of, the residence at 3941 Norton only. Defendant Jackson was neither searched nor arrested pursuant to the warrant. Accordingly the defendant's contention that the affidavit did not present probable cause "as to him" is irrelevant and of no legal significance.

2

should interpret the affidavit in a nontechnical, common sense manner, and give deference to the judicial officer's determination of probable cause. *Illinois v. Gates,* 462 U.S. at 230-36; *United States v. Tracey*, 835 F.2d 1267 (8th Cir. 1986); *United States v. Robinson*, 756 F.2d 56, 59 (8th Cir. 1985); *United States v. Rose*, 731 F.2d 1337, 1343 (8th Cir. 1984).

In the instant case, the affidavit informed the judge in the Circuit Court of Jackson County that Detective Gibson had surveilled two controlled purchases of crack cocaine between an informant and co-defendant Emerson Harlin during which co-defendant Harlin retrieved the crack cocaine from inside the residence at 3941 Norton. The two controlled purchases took place two and three days prior to the issuance of the search warrant. In light of this information as well as much more information set forth in the affidavit before the state court judge,[3] there was substantial evidence supporting the issuing judge's belief in a fair probability that contraband and other evidence of drug trafficking would be found at 3941 Norton. Thus, the court believes that the state court judge had a substantial basis for concluding that probable cause existed to search the residence at 3941 Norton, Kansas City, Missouri.

Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** *Defendant's Motion To Suppress Evidence With Suggestions*, filed June 24, 2005 (Doc. #39).

Counsel are reminded that each has 10 days from the date of receipt of a copy of this

---

[3]For the Court's convenience in assessing the totality of the information before the issuing judge, the search warrant as well as the affidavit in support of the warrant are appended as "Exhibit A" to the *Government's Response and Suggestions In Opposition To Defendant's Motion To Suppress Evidence*, filed June 30, 2005 (Doc. #40-1).

report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

                                                  */s/ John T. Maughmer*
                                        **John T. Maughmer**
                           **Chief United States Magistrate Judge**